# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Petitioner**

**vs.)    No. 21-0666** (BOR Appeal No. 2056320)
              (Claim No. 2019026156)

**EDWARD BASHAM,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Murray American Energy, Inc., by counsel Aimee M. Stern, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Edward Basham, by counsel William B. Gerwig, filed a timely response.

The issue on appeal is the amount of Mr. Basham's permanent partial disability in the claim. The claims administrator granted an 8% permanent partial disability award on December 27, 2019. On January 27, 2021, the Workers' Compensation Office of Judges ("Office of Judges") reversed the claims administrator's decision and granted a 13% permanent partial disability award. This appeal arises from the Board of Review's Order dated July 22, 2021, in which the Board affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

1

(e) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning, and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

On June 15, 2019, Mr. Basham, a roof bolter, presented to Wheeling Hospital complaining of lower back pain radiating into his left thigh. He reported that he suffered an injury when he turned while lifting a cable at work. A lumbar spine x-ray performed in the Emergency Department documented no acute findings but did demonstrate mild degenerative changes of the lumbar spine. In his Report of Injury, Mr. Basham described the mechanism of injury as "installing a cable bolt." Personnel from the Wheeling Hospital ER completed the physician's section of the Report by identifying the compensable diagnosis as lumbar sacral strain, muscle strain, and lumbar pain. By Order of the claims administrator dated June 24, 2019, the claim was held compensable for strain of the muscle, fascia, and tendon of the lower back.

An MRI of Mr. Basham's lumbar spine at Wheeling Hospital on July 12, 2019, revealed a left paracentral L5-S1 disc herniation with nerve root displacement and a mild right lateral L4-L5 disc herniation. Mr. Basham was then evaluated by David Cohen, M.D., at WVU Medicine on August 16, 2019. After reviewing Mr. Basham's prior history and performing a back examination, Dr. Cohen diagnosed chronic bilateral low back pain with left-sided sciatica; herniated nucleus pulposus, lumbar; and left lumbar radiculopathy. A left L5-S1 microdiscectomy was recommended. Subsequently, Dr. Cohen performed left L5-S1 microdiscectomy surgery on Mr. Basham on September 3, 2019. The operative report indicates that the large disc herniation at L5-S1 was directly under the nerve root, displacing the nerve root significantly and flattening it. Dr. Cohen stated that he removed a large fragment of the disc, which appeared to significantly relax the nerve root.

A repeat lumbar spine MRI was performed at Wheeling Hospital on November 14, 2019. It documented post-surgical changes at L5-S1 from the prior left-sided discectomy without findings to suggest a residual/recurrent disc herniation; and an L4-5 far right lateral disc herniation resulting in mild right lateral recess and neural foraminal encroachment. When Mr. Basham followed up with Dr. Cohen on November 20, 2019, it was noted that the updated MRI documented no visualized left disc herniation at L5-S1 or recurrent disc herniation. Dr. Cohen recommended a

referral to a pain clinic because Mr. Basham continued to complain of left posterior thigh pain and left calf pain, as well as left lateral foot numbness.

Prasadarao B. Mukkamala, M.D., examined Mr. Basham on December 17, 2019, for an Independent Medical Evaluation. Dr. Mukkamala noted normal range of motion for all joints in both lower extremities and concluded that Mr. Basham had reached maximum medical improvement with no additional diagnostic studies or treatment necessary. Referring to the Range of Motion model, pursuant to the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, (4th Ed. 1993), referencing Table 75, Dr. Mukkamala found 16% whole person impairment due to the loss of range of motion. Dr. Mukkamala placed Mr. Basham in Lumbar Category III and utilized West Virginia Code of State Rules § 85-20 to reduce the amount of whole person impairment to 13%. Dr. Mukkamala then apportioned 5% of the overall impairment for Mr. Basham's non-compensable degenerative spondyloarthropathy, leaving an 8% whole person impairment resulting from the compensable injury.

On December 27, 2019, the claims administrator granted Mr. Basham an 8% permanent partial disability award based upon Dr. Mukkamala's recommendation. Mr. Basham protested the claims administrator's decision. In support of his Protest, Mr. Basham introduced into the record the Independent Medical Evaluation report of Bruce Guberman, M.D., dated February 21, 2020. Dr. Guberman indicated that he had performed a physical examination of Mr. Basham and reviewed his prior clinical history. Mr. Basham was found to be at maximum medical improvement and reported to Dr. Guberman that his low back surgery had only slightly improved his symptoms. He stated that he remains in constant pain in his lumbar region with radiation into his left hip and posterolateral aspect of his left leg to the dorsal left foot and all of his toes except for the first toe. Dr. Guberman performed a range of motion study of Mr. Basham's lumbar spine reflecting that he is capable of 40 degrees forward flexion, 19 degrees extension, 20 degrees right lateral flexion and 25 degrees left lateral flexion. Citing Table 75, of the AMA *Guides*, Dr. Guberman placed Mr. Basham into Category II E for 10% impairment. An additional 6% impairment was attributed to range of motion deficits because Mr. Basham was found to have sensory abnormalities in his left leg in the distribution of the left S1 nerve root. In total, Dr. Guberman opined 16% whole person impairment using the Range of Motion model. Dr. Guberman then adjusted Mr. Basham's impairment to 13% and indicated that he disagreed with Dr. Mukkamala's deduction of 5% whole person impairment for preexisting degenerative spondyloarthropathy.

In a Final Decision dated January 27, 2021, the Office of Judges reversed the claims administrator's Order of December 28, 2019, which granted Mr. Basham an 8% permanent partial disability award. The Office of Judges found that Mr. Basham has 13% whole person impairment attributable to his compensable injury. In so ruling, the Office of Judges stated: "The logical conclusion to be deduced from the treatment record is that if the claimant had degenerative disc disease, it was mild in nature and without further explanation, the deduction of 5% whole person impairment from a gross award of 13% whole person impairment appears unjustified." The Board

of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on July 22, 2021.[1]

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The Office of Judges determined that the record better supports the findings and conclusions of Dr. Guberman, who disagreed with Dr. Mukkamala's deduction of 5% whole person impairment for preexisting degenerative spondyloarthropathy. The Office of Judges noted that Mr. Basham's x-ray examination revealed the presence of mild degenerative changes, and neither one of his two MRIs prominently mentioned degenerative disc disease. Because Mr. Basham's degenerative condition is not mentioned as a substantial component of his current symptomology, the Office of Judges did not err in finding the deducting of 5% whole person impairment to be unjustified in Mr. Basham's claim.

Affirmed.

**ISSUED: April 5, 2023**

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[1] In its July 22, 2021, Order, the Board of Review modified Finding of Fact No. 16 made by the Office of Judges, to state "sensory abnormalities in the left leg in the distribution of the left leg in the distribution of the left S1 nerve root, which equates to 1% impairment."